Lowkie, Judge,
 

 delivered the opinion of the Court:
 

 The question submitted to us in this case is simply this ; whether the interest secured by the bonds and to bejpaid from the dates thereof, on such sums as should remain Ampaid sixty days after each bond became due, was so secured by way of penalty or not ? And the Court think that such interest was so secured by way of penalty, and that a Court of Equity, ought to relieve against it. This is like the case of
 
 Orr
 
 v.
 
 Church
 
 —(1
 
 Hen. Bl.
 
 227.) It is true, that the w'ord
 
 penalty
 
 is there inserted in tiic bond
 
 ;
 
 but we think that makes no difference. The principle in both cases is the same. In this case, as well as in that, the interest was only demandablo on the failure of the obligors to pay at the day. Had the principal of the bonds been paid on the day on which they became due, or within sixty days thereafter, such interest would not have been demandable by the terms of the contract; hence it could only be. demanded as a penalty for nonperformance, The obligors wanted no interest until the days of payment mentioned in the bonds, and the clauses securing the interest, were inserted to insure punctuality. It is the peculiar province of a Court of Equity to relieve against penalties. We, therefore, think that the injunction should be made perpetual as to the interest, which by the terms of the contract, accrued on the two
 
 *148
 
 bonds, on which Complainant hath been sued, from the date of the said bonds up to the time when they respectively became payable ,- and that Defendants come to an account for the monies paid to them by Johnson. & Fleming, and that Complainant be credited with the. amount of interest which, they have improperly received upon the first bond.